42 A.3d 140

IN THE MATTER OF DORCA I. DELGADO–SHAFER, AN
ATTORNEY AT LAW (ATTORNEY NO. 009072001).

May 2, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 11–314 and DRB 11–315, concluding that **DORCA I. DELGADO–SHAFER,** formerly of **CAMDEN,** who was admitted to the bar of this State in 2002, and who has been suspended from the practice of law since January 2, 2009, by Orders of the Court filed December 4, 2008, and November 17, 2011, should be suspended from the practice of law for a period of three years for violating *RPC* 3.3(a)(1) (false statement of material fact or Law to a tribunal), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), *RPC* 8.4(c) (conduct involving dishonesty, fraud deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that the term of suspension should be consecutive to the prior terms of suspension imposed on January 2, 2009, and November 17, 2011;

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof of her fitness to practice law and that after reinstatement, she should be required to practice under supervision;

And good cause appearing;

It is ORDERED that **DORCA I. DELGADO–SHAFER** is suspended from the practice of law for a period of three years and until the further Order of the Court, effective November 18, 2012, and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of her fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics and after reinstatement, she shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics, until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20-20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses Incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.